JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
JORGE "COCO" PADILLA
Nevada Bar No. 16295
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
 *JDunn@GGTrialLaw.com*
 *MHale@GGTrialLaw.com*
 *JPadilla@GGTrialLaw.com*

Attorneys for Plaintiff
Justice Feldman

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JUSTICE FELDMAN, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | (1) **DISCRIMINATION (N.R.S. § 613.330);** |
| ZUFFA, LLC, a Nevada limited liability company, | (2) **DISCRIMINATION (42 U.S.C. § 12112 *et seq.*);** |
| Defendant. | (3) **RETALIATION (N.R.S. § 613.340);** |
| | (4) **RETALIATION (42 U.S.C. § 12203 *et seq.*);** |
| | (5) **FAILURE TO PROVIDE REASONABLE ACCOMMODATION (N.R.S. § 613.330); and** |
| | (6) **FAILURE TO PROVIDE REASONABLE ACCOMMODATION (42 U.S.C. § 12112(b)(5)(A)).** |
| | **DEMAND FOR JURY TRIAL** |

-1-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Plaintiff Justice Feldman ("Plaintiff" or "Mr. Feldman") alleges as follows:

### JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 42 U.S.C. § 12112 et seq. and 42 U.S.C. § 12203 et seq.

2. The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to each of Plaintiff's claims occurred in Clark County, Nevada.

### NATURE OF THE ACTION

4. Mr. Feldman began working for Zuffa as a Corporate Paralegal in October 2023. He is a person with disabilities, including traumatic brain injury and chronic pain syndrome, conditions that substantially limited major life activities and required reasonable workplace accommodations such as remote work and breaks throughout the workday. Zuffa initially approved these accommodations but, in February 2024, refused to continue engaging in the interactive accommodation process and placed Mr. Feldman on a mandatory unpaid leave of absence when he sought continued accommodation. His employment was terminated on or about April 9, 2024. In reality, Zuffa wrongfully terminated Mr. Feldman in discrimination based on his disability and in retaliation for his protected activity, including his requests for reasonable accommodation.

### PARTIES

5. Plaintiff was at all relevant times herein, a resident of Clark County, Nevada.

6. Defendant Zuffa, LLC ("Zuffa") is a Nevada limited liability company that conducts business in Clark County, Nevada.

### FACTUAL ALLEGATIONS

7. On or about October 1, 2023, approximately two weeks after accepting Zuffa's employment offer, Mr. Feldman was injured in a motor vehicle accident. Mr. Feldman notified Zuffa

-2-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

of his disability and requested accommodations, including remote work, time off for medical appointments, and breaks throughout the workday. Zuffa approved all requested accommodations, and Mr. Feldman commenced his employment on or about October 9, 2023, working remotely.

8. On or about November 17, 2023, pursuant to Zuffa's instructions, Mr. Feldman formally submitted his disability accommodation paperwork through Zuffa's third-party benefits administrator, including documentation from his treating physician confirming his functional limitations and the need for remote work, medical appointment leave, and periodic workday breaks.

9. In or around January 2024, Zuffa's third-party vocational counselor confirmed that Mr. Feldman's medical limitations required full-time remote work. On or about January 29, 2024, Zuffa's senior Human Resources leadership and Mr. Feldman's supervisors convened to review his accommodation request.

10. On or about February 2, 2024, Zuffa informed Mr. Feldman that it would not approve continued remote work and placed him on a mandatory leave of absence, directing him to report to Zuffa's Las Vegas office by April 1, 2024, notwithstanding his treating physicians' recommendation that in-person office work was medically unsafe given his disability.

11. On or about March 13, 2024, at Zuffa's request, Mr. Feldman submitted a written statement identifying his functional limitations, including balance and mobility impairment, seizure risk, and neurological and sensory impairments, and restating his request for remote work as a reasonable accommodation. On or about March 25, 2024, during a meeting with Zuffa's Human Resources team, Mr. Feldman proposed a hybrid arrangement under which he would come into the office for tasks requiring in-person presence, which Zuffa immediately rejected without exploring any alternative accommodation.

12. On or about April 9, 2024, Zuffa terminated Mr. Feldman's employment on a false and pretextual basis.

13. In reality, Zuffa wrongfully terminated Mr. Feldman in discrimination based on his disability and in retaliation for his protected activity, including his requests for reasonable accommodation.

14. On July 1, 2024, Plaintiff timely dual filed a charge of discrimination with the Equal

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission ("NERC"). On May 5, 2026, the EEOC closed Plaintiff's case without making findings and issued him an immediate right to sue notice. Plaintiff timely filed the instant lawsuit within 90 days of the right to sue notice.

15. *Summary of Plaintiff's Protected Statuses and Activity:* Mr. Feldman is a person with disabilities within the meaning of the Americans with Disabilities Act and Nevada Revised Statutes, including traumatic brain injury and chronic pain syndrome, conditions that substantially limit major life activities including thinking, concentration, balance, mobility, neurological functioning, and the ability to perform work in an in-person office setting. Mr. Feldman engaged in protected activity by requesting reasonable accommodation for his disabilities, submitting formal accommodation documentation through Zuffa's designated third-party administrator, proposing alternative accommodation options during the interactive process, and asserting his rights under the Americans with Disabilities Act.

16. *Punitive damages*: Plaintiff is entitled to punitive damages. (42 U.S.C. § 1981a(b); Nevada Revised Statute ("N.R.S.") 42.001, 42.007.)

17. *Reckless Indifference and Conscious Disregard:* Defendant Zuffa, LLC knew of the probable economic harm and emotional distress that would ensue as a result of the wrongful conduct perpetrated. Yet Defendant Zuffa, LLC willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

18. *Malice:* The conduct of Defendant Zuffa, LLC was committed with malice, including that (a) Defendant Zuffa, LLC acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of their good faith complaints, and/or (b) the conduct of Defendant Zuffa, LLC was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

19. *Oppression:* In addition, and/or alternatively, The conduct of Defendant Zuffa, LLC was committed with oppression, including that the actions of Defendant Zuffa, LLC against Plaintiff

-4-

were cruel and subjected him to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

20. *Fraud:* In addition, and/or alternatively, the conduct of Defendant Zuffa, LLC, as alleged, was fraudulent, including that Defendant Zuffa, LLC asserted false and pretextual grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and deprive him of legal rights or otherwise injure Plaintiff.

21. Further, Defendant Zuffa, LLC is liable for the wrongful acts of its employees, including its supervisory personnel, because Defendant Zuffa, LLC had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others. (42 U.S.C. § 2000e(b); N.R.S. 42.007.)

## FIRST CLAIM FOR RELIEF

### Workplace Discrimination in Violation of N.R.S. § 613.330

### (Plaintiff Justice Feldman against Defendant Zuffa, LLC)

22. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

23. Plaintiff was employed by Defendant Zuffa, LLC, as defined by N.R.S. § 613.310, and thus is prohibited from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613 et seq. Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

24. The acts and omissions of Defendant Zuffa, LLC, as more fully set forth herein, constituted discrimination within the meaning of N.R.S. § 613.330.

25. Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect and termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S. § 613.330.

26. Plaintiff charges that Defendant Zuffa, LLC discriminated against the Plaintiff based on his protected status or statuses.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

27.     As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of his employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

28.     Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

29.     The acts of Defendant Zuffa, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Zuffa, LLC, and to make an example of and deter Defendant Zuffa, LLC from engaging in such conduct in the future.

## SECOND CLAIM FOR RELIEF

**Workplace Discrimination in Violation of 42 U.S.C. § 12112 et seq.**

**(Plaintiff Justice Feldman against Defendant Zuffa, LLC)**

30.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

31.     Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on disability.

32.     Defendant Zuffa, LLC, employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was prohibited from discriminating against qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(a).

33.     Plaintiff has a disability or disabilities as defined by 42 U.S.C. § 12102(1).

34.     Plaintiff was qualified to perform the essential functions of his job, with or without reasonable accommodation.

35.     Defendant Zuffa, LLC took adverse employment actions against Plaintiff because of his disability or disabilities, including the decisions to terminate Plaintiff's employment, not to

retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

36.     The discriminatory acts of Defendant Zuffa, LLC constitute a violation of the Americans with Disabilities Act (ADA), which makes it unlawful for an employer to discriminate against an employee on the basis of disability.

37.     The discriminatory acts of Defendant Zuffa, LLC have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

38.     The acts of Defendant Zuffa, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Zuffa, LLC, and to make an example of and deter Defendant Zuffa, LLC from engaging in such conduct in the future.

39.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

### THIRD CLAIM FOR RELIEF

**Workplace Retaliation in Violation of N.R.S. § 613.340**

**(Plaintiff Justice Feldman against Defendant Zuffa, LLC)**

40.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

41.     Plaintiff was employed by Defendant Zuffa, LLC.

42.     Plaintiff engaged in protected activity.

43.     Defendant Zuffa, LLC was aware of Plaintiff's protected activity.

44.     After engaging in protected activity, Plaintiff suffered an adverse employment action.

45.    There is a causal connection between Plaintiff's protected activity and the adverse employment action.

46.    The conduct of Defendant Zuffa, LLC alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

47.    The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Zuffa, LLC, and to make an example of and deter Defendant Zuffa, LLC from engaging in such conduct in the future.

48.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

### FOURTH CLAIM FOR RELIEF

**Retaliation in Violation of 42 U.S.C. § 12203 *et seq.***

**(Plaintiff Justice Feldman against Defendant Zuffa, LLC)**

49.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

50.    Plaintiff is within the class of persons that 42 U.S.C. § 12203 intends to protect and retaliation for engaging in protected activity is the type of injury prohibited by 42 U.S.C. § 12203.

51.    Plaintiff was an "employee" of Defendant Zuffa, LLC, as defined by 42 U.S.C. § 12111(4).

52.    Employers, such as Defendant Zuffa, LLC, are barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 42 U.S.C. § 12101 et seq. as well as against any person for requesting an accommodation as provided under the same the statute.

53.    Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42 U.S.C. § 12101 *et seq*. and/or requested an accommodation as provided under the same statute.

54.    As a result of Plaintiff's complaints regarding, opposition to, and/or requests for accommodation related to these unlawful practices, Defendant Zuffa, LLC engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

55.    The conduct of Defendant Zuffa, LLC constitutes retaliation in violation of the Americans with Disabilities Act of 1990, as amended, which makes it unlawful for an employer to retaliate against an employee who complains about, opposes discrimination or harassment, or requests an accommodation.

56.    The conduct of Defendant Zuffa, LLC alleged herein has caused damage and harm to Plaintiff, including past and future lost earnings, salary, and other employment benefits, in an amount according to proof at trial.

57.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

### FIFTH CLAIM FOR RELIEF

**Failure to Provide Reasonable Accommodation in Violation of N.R.S. § 613.330**

**(Plaintiff Justice Feldman against Defendant Zuffa, LLC)**

58.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

59.    Plaintiff was employed by Defendant Zuffa, LLC, as defined by N.R.S. § 613.310.

60.    Employers are prohibited from discriminating against any employee with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of disability as set forth in N.R.S. § 613 *et seq*. Failing to provide reasonable accommodation to qualified individuals with disabilities is one such type of actionable discrimination.

61.    Plaintiff has a disability as defined by N.R.S. § 613.310. Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect.

62.    Plaintiff requested reasonable accommodation for his disability.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

63.    Defendant Zuffa, LLC failed to provide reasonable accommodation for Plaintiff's disability.

64.    The failure of Defendant Zuffa, LLC to provide reasonable accommodation constitutes a violation of N.R.S. § 613.330.

65.    The acts of Defendant Zuffa, LLC alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

66.    The acts of Defendant Zuffa, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Zuffa, LLC, and to make an example of and deter Defendant Zuffa, LLC from engaging in such conduct in the future.

67.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

### SIXTH CLAIM FOR RELIEF

**Failure to Provide Reasonable Accommodation in Violation of 42 U.S.C. § 12112(b)(5)**

**(Plaintiff Justice Feldman against Defendant Zuffa, LLC)**

68.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

69.    Plaintiff is a member of the classes of persons protected by federal statutes requiring reasonable accommodation for disabilities.

70.    Plaintiff was an employee, as defined by 42 U.S.C. § 12111(4).

71.    Defendant Zuffa, LLC employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was required to provide reasonable accommodation to qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(b)(5).

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

72. Plaintiff has a disability as defined by 42 U.S.C. § 12102(1).

73. Plaintiff requested reasonable accommodation for his disability.

74. Defendant Zuffa, LLC failed to provide reasonable accommodation for Plaintiff's disability.

75. The failure of Defendant Zuffa, LLC to provide reasonable accommodation constitutes a violation of the ADA, which makes it unlawful for an employer to fail to provide reasonable accommodation to an employee with a disability.

76. The acts of Defendant Zuffa, LLC alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

77. The acts of Defendant Zuffa, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Zuffa, LLC, and to make an example of and deter Defendant Zuffa, LLC from engaging in such conduct in the future.

78. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

79. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

/ / /

/ / /

/ / /

/ / /

/ / /

-11-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant Zuffa, LLC as follows:

1.      For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiffs would have received but for Defendant Zuffa, LLC's wrongful conduct;

2.      Emotional distress damages;

3.      Punitive and exemplary damages in an amount sufficient to punish Defendant Zuffa, LLC, and to make an example of and deter Defendant Zuffa, LLC from engaging in such conduct in the future;

4.      For an award of reasonable attorneys' fees and costs incurred in this action;

5.      For pre-judgment and post-judgment interest, as provided by law; and

6.      For other and further relief as the Court may deem just and proper.


DATED: May 20, 2026                    GREENBERG GROSS LLP



                                    By:    */s/ Jemma E. Dunn*
                                           Jemma E. Dunn
                                           Matthew T. Hale
                                           Jorge "Coco" Padilla

                                           Attorneys for Plaintiff
                                           Justice Feldman

-12-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Plaintiff Justice Feldman hereby demands a jury trial.


DATED: May 20, 2026                    GREENBERG GROSS LLP



                                       By:    */s/ Jemma E. Dunn*
                                              Jemma E. Dunn
                                              Matthew T. Hale
                                              Jorge "Coco" Padilla

                                              Attorneys for Plaintiff
                                              Justice Feldman

-13-